UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1386 PA (RAOx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Theresa Brooke v. Yang and Chang International | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – ORDER TO SHOW CAUSE

The Court has reviewed defendant Yang and Chang International's ("Defendant") Motion to Dismiss (Docket No. 11), plaintiff Theresa Brooke's ("Plaintiff") Opposition to the Motion (Docket Nos. 12, 13), and Defendant's Reply (Docket No. 14).

In this Americans with Disabilities Act ("ADA") case, Plaintiff alleges that prior to booking a stay at Defendant's motel, she inquired by telephone "whether the hotel pool or jacuzzi had a pool lift or other means of access for disabled persons." (Compl. ¶ 24.) Plaintiff was told that the hotel jacuzzi did not have a lift or other means of access. (Id.) On June 26, 2016, Plaintiff filed a Verified Complaint alleging a claim under the ADA, as well as related state law claims.

Defendant filed a Motion to Dismiss the Complaint, primarily contending that Plaintiff lacks Article III standing. In its Reply, Defendant submitted photographs taken by Ivy Yang, one of Defendant's officers, which purportedly depict "an ADA permanent pool lift at the motel that was installed on or about July 28, 2016." (Reply, 5.)

Under Title III of the ADA, a plaintiff who has been discriminated against "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" may enforce the ADA through a private suit for an injunction and attorneys' fees. 42 U.S.C. § 12182(a); see also Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.") (citing 42 U.S.C. § 12188(a)(1)).

A case is rendered moot and jurisdiction over the matter thereby abates when "'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)). While voluntary cessation of allegedly illegal conduct generally does not render a case moot, "a case may become moot if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 854 (9th Cir. 1985) (internal citations, quotation marks, and alteration omitted). In arguing that its conduct has rendered plaintiff's claim moot, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1386 PA (RAOx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Theresa Brooke v. Yang and Chang International | | |

defendant has the "heavy burden" of showing that the "likelihood of further violations is sufficiently remote to make injunctive relief unnecessary." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968).

In the ADA context, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see also Hernandez v. Polanco Enterprises, Inc., 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013). Indeed, several cases previously filed by Plaintiff have been dismissed as moot after the defendant installed a pool lift following service of the complaint. See, e.g., Brooke v. Elite Hospitality, LLC, No. 4:15-CV-0425-HRH, 2016 WL 3213223, at *5 (D. Ariz. June 10, 2016) (dismissing Plaintiff's ADA claim as moot where defendant produced evidence that it had installed a pool lift) ; Brooke v. Kalthia Grp. Hotels, No. 15CV1873-GPC(KSC), 2015 WL 7302736, at *7-8 (S.D. Cal. Nov. 18, 2015) (same); but see Brooke v. Apache Hospitality, L.L.C, No. 2:15-CV-1296-HRH, 2015 WL 5285926, at *3 (D. Ariz. Sept. 10, 2015) (declining to dismiss Plaintiff's ADA claim as moot where defendant only indicated that pool lifts were scheduled for installation).

Because it appears that Plaintiff's ADA claim may be moot, the Court orders the parties to show cause in writing why Plaintiff's ADA claim should not be dismissed as moot. Defendant's response to this order to show cause shall be filed no later than September 13, 2016, and shall be supported by one or more declarations or other admissible evidence substantiating Defendant's assertion that an ADA compliant pool lift has been installed at Defendant's motel. Plaintiff's reply, if any, shall be filed no later than September 27, 2016. The failure by Plaintiff to respond to this order to show cause may result in the dismissal of Plaintiff's ADA claim.

The Court, on its motion, continues the hearing on Defendant's Motion to Dismiss, currently calendared for September 12, 2016, to October 3, 2016.

IT IS SO ORDERED.